UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SARATOGA ADVANTAGE TRUST and THEODORE HYER, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICG, INC. a/k/a INTERNATIONAL COAL GROUP, INC., WILBUR L. ROSS, BENNETT K. HATFIELD, WENDY L. TERAMOTO, and WILLIAM D. CAMPBELL, <br><br> Defendants. | Civil Action No. 2:08-0011 |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing **held November 14, 2011,** on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of July 20, 2011. Due and adequate notice having been given of the Settlement, and the Court having considered **the matters raised at the hearing, as more fully stated on the record,** all papers filed and proceedings held herein, otherwise being fully informed in the premises and good cause appearing,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

3. The Court finds, for the purposes of this Settlement only, that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied in that: (a) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (b)

1

there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of a class action.

4.    Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, a class consisting of all Persons (including, as to all such Persons, their beneficiaries) who purchased securities of ICG between April 28, 2005 and June 6, 2006, inclusive.  For avoidance of doubt, ICG means ICG, Inc., a Delaware Corporation formed in May 2004, which, on November 18, 2005, underwent a corporate (holding company) reorganization, and International Coal Group, Inc., which, upon completion of the corporate reorganization (which involved an exchange of the shares of ICG, Inc. for an equivalent number of shares of International Coal Group, Inc.), became the top-tier parent holding company for ICG, Inc.  Excluded from the Class are the Defendants; any officers or directors of ICG during the Class Period and any current officers or directors of ICG; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Wilbur L. Ross, Bennett K. Hatfield, Wendy L. Teramoto, and William D. Campbell and their successors, heirs, assigns, and legal representatives.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff and Theodore Hyer are certified as class representatives and Lead

Plaintiff's selection of Finkelstein & Krinsk, LLP as Lead Counsel and The Giatras Law Firm, PLLC as liaison counsel for the Class is approved.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Representative Plaintiffs, the Class, and each of the Class Members.   This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, the Class Members, and the Defendants.   Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.    ~~Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the~~ **The** Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Persons, including all Defendants. Representative Plaintiffs and the Class will not make applications against any Released Person, and Defendants will not make applications against Representative Plaintiffs or the Class, for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

8.    Upon the Effective Date, the Representative Plaintiffs and each of the Class Members, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) as against the Released Persons, whether or not

3

such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

9. Upon the Effective Date, all Class Members (including Representative Plaintiffs) and anyone claiming through or on behalf of any of them (except for those Persons identified in Exhibit 1 attached hereto), will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Representative Plaintiffs, each and all of the Class Members, any confidential witness, any individual contacted by Lead Counsel in the course of their investigation, and Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for those claims brought to enforce the Settlement.

11. The terms Released Claims, Released Persons, and Unknown Claims are defined as follows:

"Released Claims" shall mean any and all claims (including Unknown Claims), debts, demands, damages, losses, rights, obligations, liabilities, suits, actions, causes of action, allegations, and arguments of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, known or unknown, whether class or individual in nature, and whether or not concealed or hidden, that have been asserted or could have been asserted in the

4

Action or in any forum by Representative Plaintiffs, or any Class Member, arising from, relating in any way to, or in connection with: (i) the facts and circumstances alleged in the Action; (ii) investments (including, but not limited to, purchases, sales, exercises, and decisions to hold) in securities issued by ICG, Inc. or International Coal Group, Inc., including, but not limited to, the purchase or sale of ICG, Inc. or International Coal Group, Inc. securities between April 28, 2005 and June 6, 2006, inclusive; (iii) any disclosures, registration statements, prospectuses, public filings, or other statements disclosed, made, released, distributed, or disseminated during the time period covered by the Amended Complaint, including but not limited to the time period between April 28, 2005 and June 6, 2006, inclusive; (iv) the Securities Act of 1933 and/or the Securities Exchange Act of 1934, arising from, relating in any way to, or in connection with the purchase of the securities of ICG, Inc. or International Coal Group, Inc. between April 28, 2005 and June 6, 2006, inclusive; and (v) any alleged negligence, gross negligence, recklessness, intentional conduct, breach of duty of care and/or breach of duty of loyalty, unjust enrichment, fraud, or breach of fiduciary duty, arising from, or relating in any way to, or in connection with the facts alleged in the Action.

"Released Persons" means each and all of the Defendants and each and all of Defendant's past or present predecessors, successors, parent entities, affiliates, and subsidiaries, and, in the case of the Defendants and their respective predecessors, successors, parent entities, affiliates, and subsidiaries, each of their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parent entities, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and any person, firm, trust, corporation, partnership, limited liability company, officer, director, or other individual or entity in which any Defendant or its past or present predecessors, successors, parent entities, affiliates and subsidiaries has or had a controlling interest or which has or had a

controlling interest in any Defendant or its past or present predecessors, successors, parent entities, affiliates and subsidiaries, and the Individual Defendants' families, and any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and the legal representatives, heirs, successors or assigns of each of the foregoing.

"Unknown Claims" means any and all claims, debts, demands, damages, losses, rights, obligations, liabilities, suits, actions, causes of action, allegations, and arguments of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, and whether or not concealed or hidden, that any Representative Plaintiff or any Class Member does not know or suspect to exist at the time of the release of the Released Persons that, if known, might have affected this Stipulation or any of the terms hereof, or the decision by any Class Member not to object to this Settlement or not to opt out from the Class.

12.     With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Class shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies to the Action) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Representative Plaintiffs and Class Members expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date the Representative Plaintiffs shall expressly have, each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Representative Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

13.    The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

14.    Defendants have filed a Declaration of Notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendants timely mailed notice of the Settlement Agreement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States

of America and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

15.     Neither the Plan of Allocation submitted by Lead Counsel nor any portion of this order regarding the attorneys' fee and expense application and the Representative Plaintiffs' expense application shall in any way disturb or affect this Judgment and shall be considered separate from this Judgment.

16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged by Representative Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Person; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Person in any civil, criminal, administrative , or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any Released Person may file the Stipulation and/or the Judgment in any other action or other proceeding that may be brought against him/her/it in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) hearing and determining any further applications for attorneys' expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing and

administering the Stipulation and this Judgment.

18.    After completion of the processing of all claims by the Claims Administrator, Lead Plaintiff shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court; provided that, the Settling Parties having consented, the Claims Administrator shall accept valid Claim Forms from Authorized Claimants submitted on or before March 5, 2012 (including valid Claim Forms from Authorized Claimants submitted after the originally specified deadline for submission of November 15, 2011). **It is ORDERED that counsel for the Settling Parties, be, and they hereby are, directed to file quarterly status reports respecting their processing and disbursement efforts, with the first such report filed on or before December 3, 2012.**

19.    The Court finds that during the course of the Action, the Representative Plaintiffs, Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.    Any Class Member who has not made a timely written objection in the manner provided in the Notice of Pendency and Proposed Settlement of Class Action is deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, or to the award of time and expenses to Representative Plaintiffs, unless otherwise ordered by the Court.

21.    Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them (i) that Lead Counsel would seek an award of attorneys' fees of 33 1/3% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $175,000, and (ii) that Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Class Members to be heard with respect to the application for the award of attorneys' fees and

expenses. The Court finds and concludes that an award of attorneys' fees of $456,210.00 is reasonable and awards attorneys' fees in that amount, plus reimbursement of expenses in the amount of $118,778.82, ~~plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid),~~ both to be paid from the Settlement Fund pursuant to the terms of the Stipulation. In addition, by telephonic conference held August 24, 2012, Class Counsel informed the Court**'s law clerk** that since the deposit of the $1,375,000.00 Settlement Fund, it has earned $130.91 in interest, and that, to date, a total of $45,284.07 has been disbursed from the Funds for the following settlement administration costs: Claims Administrator expenses ($31,837.50); Class Notice expenses ($11,457.45); reimbursement of Class Notice expenses incurred by brokerage firms ($1,540.38); 2011 income tax return preparation costs ($350.00); and bank charges for the Settlement Fund ($98.74). The Court**'s law clerk** was further informed that it is estimated that **an** additional $45,700.00 in settlement administration costs will likely be incurred following final approval of the Settlement: Claims Administrator expenses ($27,500.00); settlement claim award mailing costs ($12,500); income tax return preparation costs ($700.00); and anticipated skip tracing costs ($5,000). ~~Assuming these amounts remain unchanged~~ **Inasmuch as the court treats the $45,700.00 in additional estimated settlement administration costs as an amount not to be exceeded**, the Net Settlement Fund available for distribution to Class Members who submit valid Claim Forms from Authorized Claimants ~~will be~~ **is at least** $704,158.02 or roughly 51.2 percent of the gross Settlement Fund.

22. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class

Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

23. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members, advising them that Representative Plaintiffs would seek reimbursement for time and expenses. A full and fair opportunity was given to Class Members to be heard with respect to Representative Plaintiffs' application for that reimbursement. The Court finds and concludes that the requested reimbursement for time and expenses is reasonable and awards $2,500.00 to each of the Representative Plaintiffs.

24. This Action is hereby dismissed in its entirety with prejudice as to all Defendants.

25. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

26. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED:**

DATED: <u>August 31, 2012</u>  _____
THE HONORABLE JOHN T. COPENHAVER, JR.
UNITED STATES DISTRICT JUDGE

11